# No. 24-1347

# United States Court of Appeals
## for the
## Fourth Circuit

MCARDLE FAMILY PARTNERSHIP, a Pennsylvania Limited Partnership, individually and on behalf of others similarly situated,

*Plaintiff/Appellant,*

— v. —

ANTERO RESOURCES CORPORATION, a Delaware corporation; KEY OIL COMPANY, a West Virginia corporation; FRANKLIN L. BUTLER, an individual,

*Defendants/Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT CLARKSBURG

# AMENDED MOTION TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION

Amy M. Smith
Lauren K. Turner
McKenna E. Meadows
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, West Virginia 26330
(304) 933-8000

*Counsel for Appellees*

 COUNSEL PRESS • VA – (804) 648-3664

Pursuant to Federal Rule of Appellate Procedure 27 and the corresponding Fourth Circuit Local Rule, Appellees Antero Resources Corporation ("Antero"), Key Oil Company ("Key Oil"), and Franklin L. Butler ("Mr. Butler"), submit this amended motion to dismiss the appeal filed by Appellant McArdle Family Partnership ("MFP") for lack of appellate jurisdiction. Despite MFP's reliance on 28 U.S.C. § 1291, there is no final order or other basis for appellate jurisdiction.

Generally, this Court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291. *See Hixson v. Moran*, 1 F.4th 297, 301 (4th Cir. 2021) ("[a] final, appealable decision ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (internal quotation marks omitted)). The Court may also exercise jurisdiction over certain limited interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–46 (1949). *See, e.g., Kinsale Ins. Co. v. JDBC Holdings, Inc.*, 31 F.4th 870, 873 (4th Cir. 2022) ("[i]n certifying a judgment for appeal under Rule 54(b), the district court must first determine whether the judgment is final and second, determine whether there is no just reason for the delay in the entry of judgment." (internal quotation marks omitted)).

Recently, in *Johnson v. McCullough*, No. 24-6757, 2024 WL 5232849 (4th Cir. Dec. 27, 2024) (*per curiam*), this Court dismissed an appeal for lack of appellate jurisdiction where the district court had granted one defendant's motion to dismiss

and granted in part and denied in part the remaining defendants' motion to dismiss, thus allowing certain claims to proceed. This Court noted that litigation on the plaintiff's remaining claims was still ongoing in the district court. The Court reasoned that it "may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949)." *Id.* at *1.

Also recently, in *Canales v. OPW Fueling Components LLC*, No. 24-1579, 2024 WL 5182409 (4th Cir. Dec. 20, 2024) (*per curiam*), the Court dismissed an appeal for lack of appellate jurisdiction where the district court did not certify orders for immediate appeal under Rule 54(b). This Court reasoned in relevant part that "even if Rule 54(b) certification were appropriate, we may not divine the district court's intent from the record …. Rather, we require a district court to 'state [its] findings on the record or in its order' when certifying an order for immediate appeal under Rule 54(b)." (quoting Rule 54(b)).

In this appeal, MFP asserts in its opening brief that this Court has jurisdiction pursuant to 28 U.S.C. § 1291. Contrary to MFP's assertion of jurisdiction, however, this appeal is indistinguishable from *Johnson*, where the Court dismissed the appeal.

In its Second Amended Individual and Class Action Complaint, MFP asserts seven counts—four individual claims and three class claims. JA121–128. MFP's four individual claims are: Count I for breach of contract/implied duty to market

against Antero; Count II for breach of contract against Antero, Key Oil, and Mr. Butler; Count III for breach of the statutory obligation to pay interest against Antero; and Count IV for constructive fraud against Antero. JA121–125. MFP's class claims are: Count V for breach of contract/implied duty to market against Antero; Count VI for constructive fraud against Antero; and Count VII for breach of statutory obligation to pay interest against Antero.[1] JA125–128. The Memorandum Opinion and Order Granting Defendants' Motion for Summary Judgment and Denying Plaintiff's Cross-Motion for Summary Judgment entered on March 29, 2024 (the "Order") granted Antero's motion for partial summary judgment on Count II, which is the only claim against Key Oil and Mr. Butler. JA483–502. Nonetheless, Counts I, V, and VI remain pending against Antero. Like *Johnson*, litigation on these claims against Antero is still ongoing in the district court. *See McArdle Fam. P'shp v. Antero Res. Corp.*, No. 1:22cv1 (N.D. W. Va.) ECF Nos. 239–269 (docket entries since Order entered).[2]

---

[1] Although not relevant to this appeal, the District Court granted Antero's motion to dismiss Counts III, IV, and VII. *See* JA19.

[2] Again, although not relevant to this appeal, the District Court entered an Order Granting Motion to Stay on September 27, 2024, which granted MFP's motion to stay the class certification hearing pending this Court's resolution of the appeal in *Glover v. EQT Corp.*, No. 23-256 (4th Cir.). *See McArdle Fam. P'ship*, No. 1:22cv1 at ECF Nos. 259, 263. Even with the stay relating to the appeal in *Glover*, MFP has noticed two depositions on December 20, 2024, and noticed a deposition to be taken one day prior to the scheduled argument date for this appeal. *See id.* at ECF Nos. 266–268 (amended certificates of service and notice of deposition). Thus, it is undisputed that litigation on these claims is still ongoing in District Court.

3

Moreover, unlike *Canales*, MFP has not asserted that this Court has jurisdiction because the Order is or could be certified under Rule 54(b). In any event, to the extent that MFP may attempt to make such an argument, the Court's reasoning in *Canales* that it may not divine the district court's intent from that record and that the district court is required to state its findings on the record or in its order when certifying an order under Rule 54(b) would apply with equal force here. The District Court has made no findings in the Order or otherwise in the record that satisfy the requirements of Rule 54(b).

Pursuant to Fourth Circuit Local Rule 27(a), counsel for MFP have been informed of the intended filing of this motion. MFP does not consent to the granting of the motion and is expected to file a response in opposition.

WHEREFORE, Appellees respectfully request the Court to grant this motion to dismiss for lack of appellate jurisdiction and enter an Order dismissing this appeal.

*/s/Amy M. Smith*
Amy M. Smith W. Va. Bar #6454
amy.smith@steptoe-johnson.com
Lauren K. Turner W. Va. Bar #11942
lauren.turner@steptoe-johnson.com
McKenna E. Meadows, W. Va. Bar #14085
mckenna.meadows@steptoe-johnson.com
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000

*Counsel for Appellees*

# **CERTIFICATE OF COMPLIANCE**

1. This motion complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    [ X ] this motion contains [*994*] words.

    [  ] this motion uses a monospaced type and contains [*state the number of*] lines of text.

2. This motion complies with the typeface and type style requirements because:

    [ X ] this motion has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Times New Roman*]; *or*

    [  ] this motion has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: January 9, 2025               /s/ *Amy M. Smith*
                                     *Counsel for Appellees*

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of January 2025, I electronically filed the foregoing "Amended Motion to Dismiss Appeal for Lack of Appellate Jurisdiction" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

>Frank E. Simmerman, Jr., Esquire
>Chad L. Taylor, Esquire
>Frank E. Simmerman, III, Esquire
>SIMMERMAN LAW OFFICE, PLLC
>254 East Main Street
>Clarksburg, WV 26301
>
>*Counsel for Appellant*

>/s/ *Amy M. Smith*
>Amy M. Smith W. Va. Bar #6454